HERBERT E. STEARNS, *vs.* ARTEMAS B. DRAKE.

PROVIDENCE—JUNE 30, 1902.

PRESENT : Stiness, C. J., Douglas and Blodgett, JJ.

(1) *Conditional Sale. ·Pleading. Warranty. Variance.*

Plaintiff acquired possession of a wagon from defendant under written agreement of conditional sale, title to remain in defendant until payment of aggregate amount.

Plaintiff paid certain sums on account of the wagon and used same in his business for five months, and then refused to pay further installments. Defendant replevied wagon and plaintiff brought action against defendant, the declaration containing the common counts for money had and received and a special count alleging breach of warranty on the sale of the wagon.

On petition for new trial after refusal to nonsuit :—

*Held,* that, as plaintiff never acquired title to the wagon, he could have no action for breach of warranty.

*Held,* further, that, as plaintiff never rescinded contract or returned the wagon, he was accountable for stipulated payments for the use of it so long as he retained it.

TRESPASS ON THE CASE in assumpsit. Heard on petition of defendant for new trial. Judgment for defendant.

DOUGLAS, J. The declaration in this case contains the common counts for money had and received, etc., and a special count alleging breach of warranty on the sale of a wagon.

(1) The testimony of the plaintiff showed that the defendant built a certain wagon ordered by the plaintiff, and delivered

it to him upon the execution by the plaintiff of the following document:

"PROVIDENCE, R. I. June 12th, 1900.

"Received of A. B. Drake the following described property, to wit:

"One 3-spring wagon.

"And I the undersigned am to hold the above described property solely as the property of said A. B. Drake, for the use of which I promise to pay the said A. B. Drake the sum of fifteen dollars per month and agree that all payments made by me for the use of said property shall be endorsed on this receipt, and when the sum so paid by me shall amount in the aggregate to the sum of 150 dollars, then said A. B. Drake shall sell and deliver to me the property above described, but until such payment made by me, I neither claim nor can I receive any title whatever to the property above named. I also promise to return the above named property to said A. B. Drake on demand without cost to him, in case of default in payment of any installment of rent aforesaid.

"Witness, DAVID DRAKE.

"H. E. STEARNS."

The plaintiff also testified that he paid certain sums to the defendant on account of the wagon, and these payments appear endorsed on the receipt, and that he kept the wagon and used it in his business for five months and then refused to pay further installments, whereupon the defendant took it from him by writ of replevin.

This state of facts constitutes a variance from the declaration, and the defendant's motion for a nonsuit should have been granted. As the plaintiff never acquired title to the wagon, he can have no action for breach of warranty. Benjamin on Sales, 7th ed. 962; *Taylor* v. *Saxe*, 57 Hun. 64 N. Y. Sup. Ct. 411; *English* v. *Hanford*, 75 Hun. 82 N. Y. Sup. Ct. 428.

The payments made according to his written agreement were for the use of the wagon which he enjoyed. He never rescinded the contract or returned the goods. So long as he

retained the wagon he was accountable for the stipulated payment for the use of it. As upon his own statement of the facts the plaintiff has no cause of action against the defendant in the premises, we need not consider the defendant's exceptions to the rulings and charge of the trial court.

The case must be remanded to the Common Pleas Division, with directions to enter judgment for the defendant.

*J. P. Fox* and *Dennis J. Holland*, for plaintiff.
*Huddy & Easton*, for defendant.