CATHARINE HOPPER, EXECUTRIX, &c., v. ANDREW W. SMITH AND DANIEL E. SMITH, EXECUTORS, &c.

Argued November 10, 1903—Decided March 14, 1904.

Where a witness for the plaintiff gives testimony that will support the contract or cause of action sued upon, the fact that another of plaintiff's witnesses gives testimony tending to prove a contract or cause of action variant therefrom, which, if established, would show that the action was prematurely brought, is no ground for a nonsuit or for a direction of the verdict; the question would be for the jury to say whether upon the whole evidence the plaintiff has established her case.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, HENDRICKSON and SWAYZE.

For the plaintiff, *William Nelson.*

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff, who is the executrix of Georgiana Grimsted, deceased, obtained a verdict at the Morris Circuit against the defendants, executors of Henry D. Smith, deceased, for $1,000 and interest. A rule to show cause was allowed to the defendants why a new trial should not be had. Motions were made by the defendants at the trial

to nonsuit and also to direct a verdict on the ground of the plaintiff's failure to prove the agreement alleged in the declaration. The denial of these motions by the trial judge is assigned as one of the reasons for a new trial.

The declaration consisted of the common counts to which was appended a bill of particulars, stating that a recovery was sought of the sum of $1,000 and interest from the date of the decease of the said Henry D. Smith, to wit, October 17th, 1898, which amount was due and owing to the plaintiff from the estate of said deceased for work and labor done and performed by plaintiff for said deceased between January 1st, 1887, and the date of his decease, upon an agreement made between said Henry D. Smith and plaintiff, whereby he promised and agreed to pay said plaintiff said sum, &c.

After the pleadings were filed and before the trial both the original parties to the suit died and their personal representatives were substituted. Georgiana, the plaintiff's testatrix, was a niece of Henry D. Smith, and her aunt, Martha S. Smith, testified that Georgiana came to witness' house in 1887; that, prior to her coming, Mr. Smith had said to witness that he would give to Georgiana $1,000 at his death, if she came; that he went to see Georgiana and when he came back he said to witness that he had told her that he would give her $1,000 at his death if she came; and that Georgiana did come shortly after that and did the cooking, housework and everything they wanted her to do up to the time of Mr. Smith's death in 1898. Another witness for plaintiff testified that Mr. Smith had told him "that he was going—that he had a mind to ask Georgiana to come and live with him;" and afterwards, within a year or two, he said to witness that his wife, Martha, and he had each agreed to give Georgiana $1,000 when they were through with her; that the latter did go there to live in 1887, and that witness saw her there afterwards working around the house. It is claimed that here was a variance in the testimony which would justify a nonsuit. The cases of *Stearns* v. *Drake* (*R. I.*), *52 Atl. Rep.* 1082, and *Carr* v. *Central Railroad Co.,* 30 *Vroom* 471,

were cited. But they are not in point. The nonsuits there were granted because of a variance between the cause of action as proven and the cause of action set forth in the declaration.

It is further urged that each of the witnesses testified to a different contract; that thereby the plaintiff failed to make out her case by *prima facie* proof and should have been non-suited. We do not think there is a necessary conflict in the testimony of the two witnesses. The evidence of Mrs. Smith sustained the agreement set forth in the bill of particulars and the evidence of the other witness was generally corroborative of the former, the only variance was the indication that the wife also had, perhaps, herself agreed to pay an additional $1,000 to her niece under like conditions.

But even if the two witnesses could be regarded as in conflict it would not justify a nonsuit. The question whether the cause of action was established was one for the jury. *Gallagher* v. *McBride,* 34 *Vroom* 422. See, also, *Brown* v. *Barnes,* 151 *Pa. St.* 562. Another ground of the motion urged is that the suit was brought after a decree was entered barring creditors, and yet the declaration failed to set forth a compliance with sections 72 and 73 of the Orphans' Court act, Revision of 1898 (*Pamph. L., pp.* 740, 741), before the suit began. This cannot prevail since the pleadings and proofs are silent as to the existence of such a decree.

For the reasons already stated, there was no error in the refusal to direct a verdict for the defendants.

Another reason urged is that the verdict was contrary to the weight of the evidence. In this connection defendants call attention to an unrecorded mortgage produced in evidence by them, dated April 12th, 1890, executed by Henry D. Smith and wife to Georgiana to secure the payment to the latter of "$2,000 for services in the family of 'the former,' the services being before and after the above date and to be to their death, the same to be paid in one year after their death."

The defendants also refer to the testimony of one of their witnesses to the effect that Georgiana said after her uncle's

death that she was not going to bring a claim against his estate, that there was a mortgage of $2,000 given to her and she was going to look to that in payment for her services. The defendants contend that the mortgage was never delivered to Georgiana. It was produced by the executors of Henry D. Smith, one of the mortgagors, and Mrs. Smith, the other mortgagor, testified that it was never delivered, and never in the possession of Georgiana. The learned trial judge left it to the jury to say which was the contract under which the services were performed, the one in the bill of particulars or the one referred to in the mortgage. If the latter, the court said to the jury it was not due yet and a recovery could not be had upon it, and that for the plaintiff to recover in the suit they must be satisfied from all the evidence that the contract was to pay Georgiana $1,000 at the death of her uncle.

Reference is made in the brief to an item in the will of Henry D. Smith referring to the $2,000 mortgage, but that cannot be considered since the will was not admitted in evidence to show the declarations of the testator. But it was admitted to show that in it Georgiana was left equally with his other heirs the balance of the personal property. But there was nothing in the language of the item to indicate a purpose to have the legacy applied as a payment under a contract and the jury was directed to so regard it.

We think there was evidence before the court that would sustain the verdict in favor of the plaintiff, and we are unable to say that the verdict was clearly against the weight of the evidence.

No exception was taken to the charge of the trial judge. His refusal to charge certain requests, except as he had already charged, was made the basis of an exception, but we find no error in the ruling.

The rule to show cause should be discharged.