ABRAM S. CASE, PLAINTIFF IN ERROR, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

1. If the plaintiff fails to prove the cause of action alleged in his declaration, but proves a different cause of action, a nonsuit is not erroneous, in the absence of a motion to change the *narr.*

2. If horses break out of their owner's pasture lot and stray upon a railroad track, without fault on the part of the railroad company, and there are killed through the negligence of the company's servants, the negligence of the owner in permitting the horses to stray will bar him from recovering damages for their loss.

On error to the Supreme Court.

For the plaintiff in error, *Richard S. Kuhl.*

For the defendant in error, *George H. Large.*

The opinion of the court was delivered by

DIXON, J.   The declaration in this case charged that "the defendant willfully and wantonly drove its locomotive engine and cars" against several horses belonging to the plaintiff and killed them, and therefore the plaintiff claimed damages from the defendant.   Upon the trial the plaintiff proved that the horses had broken through the fence between his pasture lot and the highway, had strayed along the highway to the defendant's railroad, and there, while wandering upon the track several hundred feet from the highway crossing, had been killed.   At the close of the plaintiff's evidence the trial justice ordered that a nonsuit be entered, and upon this judgment error is assigned.

In more than one aspect of the case, this judgment can be justified.

*First.* The testimony did not present the slightest indication that the defendant or its servants had willfully or wantonly driven the engine against the horses, nor does the plaintiff now contend that any fault beyond a lack of ordinary care on the part of the engine driver was shown.   Manifestly such proof did not establish the alleged cause of action, and, in the absence of an application to change the *narr.*, a nonsuit was not erroneous.

*Second.* But if the declaration had charged that the horses were killed through the defendant's negligence, still the nonsuit would have been proper.

The horses were trespassing upon the defendant's track without any shadow of right, and the plaintiff did not attempt to prove that, for this trespass, the defendant was in fault under either the common law or any statute.   The authorities are not entirely agreed whether in such circumstances

the defendant owed to the plaintiff the duty of exercising ordinary care with respect to the horses, or only the duty of abstaining from willful injury. But if it be conceded that, *prima facie*, the defendant owed the larger duty of ordinary care, yet, as it appears that the animals came upon the track through the fault of the plaintiff, his claim against the defendant was legally defeated by his own contributory negligence, for, " according to the principles of the common law, * * * every man at his peril is bound to keep his cattle on his own close, and prevent them from going on to that of his neighbor." *Coxe* v. *Robbins,* 4 *Halst.* 384 ; *Chambers* v. *Matthews,* 3 *Harr.* 368. It was a natural and proximate consequence of the plaintiff's failure to discharge this duty that the horses should have strayed into the highway and thence upon the track, and there meet with injury from passing trains. Such a fault precluded recovery, even though the negligence of the defendant's servants helped to cause the accident. *Vandegrift* v. *Rediker,* 2 *Zab.* 185 ; *Price* v. *New Jersey Railroad and Transportation Co.,* 2 *Vroom* 229.

*Third.* But, lastly, the existence of negligence on the part of the defendant's servants was negatived by the testimony. The plaintiff called the engineer as a witness, and he swore that, when the animals were discovered upon the track, the alarm whistle was sounded, the engine was reversed, the Westinghouse brake was applied, and the train was stopped as soon as possible. Against this there was no contradictory evidence.

The judgment of nonsuit should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, GARRISON, LIPPINCOTT, MAGIE, VAN-SYCKEL, BARKALOW, BOGERT, DAYTON, HENDRICKSON, KRUEGER, NIXON. 13.

*For reversal*—None.