ALBERT M. JORDAN, DEFENDANT IN ERROR, v. H. PHELPS REED, EXECUTOR, &c., OF I. WHILDEN MOORE, DECEASED, PLAINTIFF IN ERROR.

Argued March 12, 1908—Decided November 16, 1908.

1. A motion for a nonsuit on the opening of a case to the court and jury is not usual, but is permissible if the statement of counsel, by its omissions or admissions, renders it clearly evident either that no case can be made out, or that a recovery is precluded. The rule applied.

2. (a) Under the Practice act, section 125, there can be permitted no substantial variance between the case declared upon and the case proven, but a recovery must be *secundum allegata et probata;* (b) when a declaration sets up a contract growing out of commercial paper and entered into by the defendant alone, proof of a contract of a different nature entered into by the defendant and others will not sustain the declaration, unamended, for thereby the defendant would be denied an opportunity to plead the nonjoinder in abatement. Neither can the declaration be amended, on error, to conform to the proofs, because thereby the defendant would be bound by a verdict upon a matter which he had not expected or intended to try.

3. Evidence to the effect (*a*) that a defendant and others have received property of the maker of a note on an agreement to take care of the note at maturity, or (*b*) that, after maturity, a defendant has admitted responsibility upon a note, which is shared by others with himself, will not support an action against such defendant as endorser alone, on the theory that, by the receiving of such property or the making of such admissions, he has waived presentment and notice of dishonor of the note, or the holder stands excused therefrom.

4. When the plaintiff in an action might lawfully have been nonsuited at the trial, if such motion had been made, the direction of a verdict in his favor, on the same evidence, is erroneous, and cannot be upheld.

On error to the Supreme Court.

Originally, this was an action upon contract brought in the Supreme Court by Albert M. Jordan, now defendant in error, against I. Whilden Moore, the testator of the present plaintiff in error.

The declaration filed is unusual in form and in substance, but may be said to set up a cause of action of the nature following: Whereas, the Northside Land Company had made its promissory note, in writing, bearing date on June 11th, A. D. 1903, and thereby promised to pay to the order of the La-Charge Dredging Company the sum of $6,000, one year after date, at the Second National Bank of Atlantic City, value received, thereupon, in consideration of a credit of $6,000 then and there made by the payee in said note named to the maker thereof, and of a like credit then and there made by the plaintiff, Albert M. Jordan, to the said payee, he, the said I. Whilden Moore, then and there being the business manager of the said corporation maker, promised and undertook "absolutely to pay him the said note at its maturity, by endorsing and delivering the same to the plaintiff, and waive and forego" presentment for payment and notice of dishonor of the said note. Nevertheless, the said I. Whilden Moore did not, neither did any other person pay to the plaintiff the sum of money in said note specified or any part thereof. To his damage, &c. The said I. Whilden Moore interposed a plea of the general issue, and a *similiter* was added.

After issue joined, the said I. Whilden Moore died testate, and his death was duly suggested upon the record, and the cause was continued against H. Phelps Reed, as sole executor of his last will and testament.

The issue was brought down for trial at the Atlantic Circuit before one of the circuit judges duly assigned and a jury.

The evidence offered by the plaintiff was to the effect following: The note in suit was made by the Northside Land Company, and was endorsed by I. Whilden Moore, the original defendant. It had also been endorsed by William I. Garrison, but the name of the latter was erased. The note had come into the possession of Albert M. Jordan, the plaintiff, after the endorsement by Moore, but when, why or how was not made clear. The Northside Land Company was the owner of lands in Atlantic county, and intended to improve the same for sale in building lots. The LaCharge Dredging Company was employed to fill in these lots in order to fit them for building. I. Whilden Moore was interested in the land company's project both as a shareholder and manager, and had charge of the contract with the dredging company. After the making of the note in suit, and while it was outstanding, the land company having liabilities (*inter alia,* to the dredging company) which it was unable to meet, Moore proposed to the land company and the holders of shares therein that the land company should turn over its lands to himself and some other gentlemen if a consideration therefor could be agreed upon. The sum of $51,400 was at length agreed upon, including the value of the outstanding capital stock, and all of the indebtedness of the land company, and, as part of such indebtedness, the particular note in suit. In these negotiations Moore was the active spirit on behalf of himself and his three associates, and he promised that the debts and the value of the stock should be paid. These negotiations resulted in a sale of the company's lands and the making of a deed, dated February 17th, 1904, between the Northside Land Company and John Myers, I. Whilden Moore, Charles R. Myers and Robert Moore, whereby, for the consideration above mentioned, all of the company's lands were assured to them. After the making

of this conveyance, and before the bringing of the action, Moore acknowledged his endorsement of the note to one of the witnesses, but, at the same time, declared that he did not wish to pay the note until he could get Charles and John Myers and Robert Moore to join him in the payment, and the statement of Moore was couched in words which, at least, tended to warrant an inference that, in his view, their common interest and concern in the property, rights and obligations of the land company bound them to take care of the note.

No evidence was offered on the part of the defendant.

There was a motion for a nonsuit on the plaintiff's opening, which was refused, and an exception was taken. There were sundry exceptions to rulings of the trial judge in admitting evidence against the defendant's objection. There was also a motion to direct a verdict for the defendant, which was refused, and no exception appears to have been sealed thereon. At the close of the case the trial judge directed a verdict for the plaintiff for the amount of the note with interest, and an exception was sealed upon such direction.

A verdict having been found agreeably to the direction, judgment was entered thereon in the Supreme Court, and such judgment has been removed into this court on writ of error.

Error is specially assigned in that the trial judge refused a nonsuit on the plaintiff's opening; in that the trial judge admitted, over objection, evidence which was at variance with the declaration; in that the trial judge admitted, over objection, evidence which was incompetent and illegal, and in that the trial judge directed a verdict for the plaintiff contrary to law.

For the plaintiff in error, *Clarence L. Cole (Edward Ambler Armstrong* with him on the brief).

1. The declaration not showing a cause of action, there should have been a nonsuit on the plaintiff's opening.

2. If it be assumed that a legal cause of action is set up in the declaration, there was no proof sufficient to support it.

The proofs offered by the plaintiff below were at variance with the declaration.

3. So far as the evidence made out any case against the defendant below, it placed Moore, the defendant's testator, in the position of undertaking, orally, to pay the debt of another, the land company.

4. Irrelevant evidence was admitted to the injury of the defendant below.

5. So far as the proofs established any contract, it was one made by four, jointly, and not by Moore alone.

6. There should have been no direction of a verdict for the plaintiff below. Most favorably to the plaintiff, it should have been held that there was a jury question.

For the defendant in error, *John J. Crandall.*

Under the declaration and proofs a primary undertaking by Moore to pay the note was established.

If not, the facts establish the liability of Moore as an endorser, who, by getting property of the maker into his hands, had waived presentment and notice.

The opinion of the court (the foregoing statement having been made) was delivered by

GREEN, J.   I. The first contention of the plaintiff in error appears to be that the plaintiff below should have been nonsuited upon the opening of his counsel, either because the facts stated by counsel, if proved, would not have sufficed to sustain a verdict, or because, if proved, they would have established, not the cause of action alleged in the declaration, but a cause of action different therefrom.

A motion for a nonsuit on the opening of a case to the court and jury is not usual, but it is permitted in some jurisdictions. In order to its allowance, it is in general held that, in a case like the present, the statement of counsel, by its omissions or admissions, must render it clearly evident either that no case can be made out or that a recovery is pre-

cluded. *Emmerson* v. *Weeks,* 58 *Cal.* 382, 385; *Oscanyan* v. *Arms Company,* 103 *U. S.* 261, 263, 264; *Hoffman House* v. *Foote,* 172 *N. Y.* 348, 350.

In this court the matter was lately considered in *Kelly* v. *Bergen County Gas Co.,* 45 *Vroom* 604, 607, and it was then declared that, by analogy to the motion for a nonsuit at the close of the plaintiff's evidence, the question is whether the facts stated as to be proved and the reasonable inferences which may be drawn from them disclose that the plaintiff is not entitled to submit his case to the jury because a verdict in his favor could not be sustained. Among cases which dealt with the motion at the close of the plaintiff's evidence, it is sufficient to note *Case* v. *Central Railroad Co.,* 30 *Id.* 471, 473, and *Polhemus* v. *Prudential Realty Corporation,* 45 *Id.* 570, 580.

If now we turn to the plaintiff's declaration, we find the pleader's averments to be, in brief, that the original defendant, Moore, for valuable consideration, endorsed and delivered to the plaintiff the note, made by the Northside Land Company to the LaCharge Dredging Company, for the payment of $6,000, and promised and undertook to pay the said note, absolutely, and to waive presentment and notice. Whether the original defendant, by this irregular endorsement, became liable to the dredging company or not liable may be unimportant. The averments would, under sections 64, 82 and 109 of the Negotiable Instrument act (*Pamph. L.* 1902, *pp.* 594, 595, 598, 601, 602), show a liability to the plaintiff, the immediate endorsee, if the averments were sustained by legal evidence. If we turn to the opening of counsel we find the gist of his statement to be that the original defendant, who was the promoter and manager of the land company, for a valuable consideration, endorsed and delivered to the plaintiff, who was the backer of the dredging company, the note for $6,000, made by the former company to the latter company, and that, before the maturity of the note, the original defendant, by an executed bargain with the land company, agreed, in consideration of a conveyance of all of its lands to him-

self, to take care of this note among other debts of the company. This may have been a somewhat loose and meagre statement; nevertheless, we incline to the notion that if the statement were followed by legal proof of the facts stated, a case would have been presented for the consideration of a jury. See *Kelly* v. *Bergen County Gas Co.,* 45 *Vroom* 604, 605; *Story Bills,* §§ 316, 374; *Story Prom. N.,* § 282.

The motion for a nonsuit on the opening was then properly refused.

II. It is next contended on the part of the plaintiff in error that, if a valid cause of action were alleged in the declaration, the evidence of the plaintiff below did not support it, but, on the contrary, was at variance therewith. He also contended that, so far as the proof went, it placed Moore, the original defendant, in the position of promising, orally, to pay the debt of another. To these contentions the defendant in error urged that, under the declaration and proofs, a primary undertaking to pay the debt was established.

It could hardly be said by one who had considered the evidence with care that there was any proof of an express undertaking by Moore to become primarily liable upon the note to his immediate endorsee, and, therefore, *Schley, Executor,* v. *Merritt,* 37 *Md.* 352, 353, 360, is not pertinent. The defendant in error thinks, however, that the evidence was enough to warrant, inferentially, a finding of primary liability because it was shown that Moore had taken into his hands the property of the maker of the note, and had thereupon agreed to take care of this note with other obligations of the maker.

The proof was not of a conveyance of the lands of the maker of the note to Moore alone, but to four men, who were named and of whom the original defendant was one. It becomes proper, therefore, to inquire whether such proof sustained the declaration and opening or was at variance therewith.

(*a*) Variance, or discrepancy, between a material averment in pleading and the evidence adduced in support of it was, in early times, of vital importance. 1 *Chit. Pl.* (*3d Lond. ed.*) *303, *308; *Bristow* v. *Wright,* 2 *Doug.* *665, *667a; *Mul-*

*ford* v. *Bowen,* 4 *Halst.* \*315, \*318. Since the enactment of the provisions now embodied in the Practice act (*Pamph. L.* 1903, *p.* 571, § 125), variance has with us been of less consequence. Nevertheless, to-day, it is sound law and sound reason that there must be no variance to the prejudice of the adverse party between the case declared upon and the case proven, and that a recovery must be *secundum allegata et probata. Hallock* v. *Commercial Insurance Co.,* 2 *Dutcher* 268, 274; *Bristow* v. *Wright, supra; Martinez* v. *Runkle,* 28 *Vroom* 111, 117, 122.

Applying the doctrine to the facts in evidence, we think that there was a substantial variance between the case declared upon and the case proven, inasmuch as no defendant would anticipate that an alleged absolute and primary undertaking by A. to pay money to Z. would be supported or be thought to be supported by proof of an undertaking by A., B., C. and D. to pay the same money in consideration of the transfer of property to them by Y.

(*b*) If we should assume, without deciding, that, under the principle of *Joslin* v. *New Jersey Car Spring Co.,* 7 *Vroom* 141, 146, the plaintiff might have sued the original defendant with J. Myers, C. R. Myers and R. Moore, upon their contract with the land company to assume and pay the obligations of the company, we could not deem it lawful to permit the proof of such contract to sustain the present declaration unamended. Under our Practice act, § 38, the nonjoinder of a defendant in an action *ex contractu* can be taken advantage of only by a plea in abatement. *Gray* v. *Sharp,* 33 *Id.* 102, 103. Had the original defendant been sued upon the contract of assumption which had been made by himself and three associates, he would at once have perceived the necessity of pleading the non-joinder, but, when he was sued upon a contract alleged to be founded upon a particular note and to have been entered into by himself alone, no necessity of such a plea could have been apparent. Hence, were the present recovery to stand, the result would be that he would be held, to his injury, to be bound alone by a contract first indicated by the proofs, and would be denied all opportunity of pleading the

non-joinder. See *Lieberman* v. *Brothers,* 26 *Id.* 379, 380. On
the other hand, it would not be consistent with justice now to
amend the declaration so as to make it conform to the proofs.
To use the language of Mr. Justice Dixon, in *Excelsior Elec-
tric Co.* v. *Sweet,* 30 *Id.* 441, 443, so to do would be
"to support a verdict which may have been rendered upon a
matter which the parties have not fairly litigated." Such
cases as *Price* v. *New Jersey Railroad and Transportation Co.,*
2 *Id.* 229, 231, 234, and *Redstrake* v. *Cumberland Insurance
Co.,* 15 *Id.* 294, 296, would not justify an amendment. The
original defendant and his executor, as substituted defendant,
never expected or intended to try an issue upon the contract of
assumption of the land company's obligations; indeed, the
substituted defendant stoutly resisted the attempt so to do
throughout the trial.

Usually, when a substantial variance appears in the course
of the trial, the plaintiff should be nonsuited. Such was the
older practice. 1 *Chit. Pl.* (3d *Lond. ed.*) \*303; *Bristow* v.
*Wright,* 2 *Doug.* \*665, \*669. Such seems to be our modern
usage in cases of variance or failure of proof. *Case* v. *Central
Railroad Co.,* 30 *Vroom* 471, 472; *Folsom* v. *Squire,* 43 *Id.*
430. In the case in hand no motion for a nonsuit was made
at the close of the plaintiff's case, and when, on the same evi-
dence, the defendant moved for the direction of a verdict, no
exception was sealed upon the denial of the motion. Neverthe-
less, as inadmissible evidence was received against the objec-
tions of the defendant, properly taken, and error is assigned
thereon, we think the defendant should be relieved from the
judgment upon a verdict which was based, at least in part, on
evidence not admissible under the pleadings.

III. It is further contended by the plaintiff in error that
irrelevant evidence was admitted to his injury, and that, so
far as the evidence established any contract, it was one made
by four jointly, and not by Moore alone. It would seem that
such arguments have already been sufficiently considered,
were it not that the defendant in error (plaintiff below)
answers that, an absolute and primary undertaking aside, the

proofs, under the declaration, establish the liability of Moore as an endorser, who, having taken the property of the maker of the note into his own hands, waived presentment and notice. The defendant in error was driven to take this position by the exigencies of his case. By the admission of his counsel on the opening and by the absence of affirmative evidence, it appeared at the trial (as counsel put it) that "the note was never protested." It is then proper to consider the evidence afresh from this viewpoint.

(*a*) As we first review the law invoked, it is manifest that the argument of the defendant in error rests upon the doctrine that, when an endorser has received full security or indemnity for the amount of a note or bill, or has received money or property for the very purpose of taking up such note or bill at maturity, the holder of the paper is excused from the duty of presenting it for payment and of giving notice to such endorser of the dishonor. *Story Prom. N.,* §§ 281, 282, 357; *Story Bills* (*4th ed.*), §§ 316, 374; *Chit. Bills* (*9th Lond. ed.*) *440, *449, *506, *notes.* This principle, thus broadly stated, although approved by some eminent authors, such as Story and Kent, and having with us the countenance of a *dictum* in *Perry* v. *Green,* 4 *Harr.* 61, 63, is doubted or denied by other writers (see 2 *Dan. Neg. Inst.* (*5th ed.*), §§ 1129, 1134), and it is not now necessary for this court either to endorse or condemn it. It will be observed that the stronger cases which apply the principle base the excuse upon the facts that the endorser himself has received enough or *all* (if not enough) of the maker's property for the purpose of securing the former against his liability, or for the purpose of meeting the obligations which he has incurred on behalf of the latter. *Corney* v. *DaCosta,* 1 *Esp. N. P.* 302, 303, approved, *arguendo,* in *Brown* v. *Maffey,* 15 *East* 216, 222; *Bond* v. *Farnham,* 5 *Mass.* 170, 171, 173; *Barton* v. *Baker,* 1 *Serg. & R.* 334, 336; *Mechanics Bank* v. *Griswold,* 7 *Wend.* 165, 166, 167, 170. As we turn to the facts brought out in the case in hand, we recall that Moore, as endorser, did not alone receive the property of the maker of the note in suit.

The taking over of the property was by four and not by one, and, therefore, there is lacking a fact or circumstance deemed by many to be essential to the application of the principle invoked. It would seem manifestly unjust, because of waiver or excuse based upon the holding of property, to enforce against Moore or his executor, alone, a liability for a whole debt, if or while the property, out of which the debt was intended to be met, is, in title or possession, vested largely in others.

(b) The case of the defendant in error is not bettered, if reliance be placed upon the acknowledgments or admissions of Moore, between the maturing of the note and his decease. His admissions, be it remarked, were not of any sole responsibility, but of a responsibility shared by three associates, who should be consulted and who should act or be bound together with himself. The law applicable to such conduct is that acts, admissions or promises after maturity, in order to be evidential of a waiver of presentment and notice, or of an excuse for the want of presentment and notice, must be done or made with full knowledge of the discharge from liability upon the contract of endorsement, and must, in form and effect, be unequivocal and unconditional. *Barkalow* v. *Johnson*, 1 *Harr.* 397, 398, 400; *Sussex Bank* v. *Baldwin*, 2 *Id.* 487, 495, 496; *Harrison* v. *Bailey*, 99 *Mass.* 620, 621; *Thornton* v. *Wynn*, 25 *U. S.* 183, 187, 189; *Sigerson* v. *Mathews*, 61 *Id.* 496, 499, 500; *Woods* v. *Dean*, 32 *L. J. Q. B.* 1, 3, a case better reported here than in 3 *Best & S.* 102.

(c) In passing it may be observed that, under the facts brought out, no excuse for the lack of notice of dishonor could be justified by the provisions of the Negotiable Instrument act of 1902. *Pamph. L.*, p. 583, § 115.

The evidence discussed was, in any aspect, suggested, inadmissible or irrelevant to show a waiver or excuse as to presentment or notice, and its reception was therefore injurious to the plaintiff in error.

The conclusions thus far reached make it unnecessary for us to expend labor upon a question barely touched upon at the hearing, whether the plaintiff below showed any title to

the note in suit. It appeared, in part by the evidence, and, in part by the admission of counsel at the bar of this court, that the attorney of the plaintiff below wrote the name of the La-Charge Dredging Company on the back of the note just before action brought. There being no proof whatever of the authority of such attorney, our silence must not be deemed an approval of any seeming title acquired by his act. *Quære*—Whether the circumstances might not repel the favorable presumptions which in a proper case exist under the Negotiable Instrument act, section 16.

IV. The last contention of the plaintiff in error is that there was error in directing a verdict for the plaintiff below when he rested, no evidence being offered by the defendant below.

On the principal points urged by the defendant in error, to wit, that his proofs established an absolute and primary undertaking by the testator of the plaintiff in error, or, such testator being secondarily liable, established an excuse for the want of presentment and notice, we have already held against him. On the first point, we held that, through a substantial variance between allegation and proof, he proved, if anything, a cause of action different from that laid in his declaration, and, on the second point, we held that he failed to prove facts essential to the excuse under the very principles which he invoked. In such a situation the defendant in error might lawfully have been nonsuited at the trial had such a motion been made. *Case* v. *Central Railroad Co.*, 30 *Vroom* 471, 472; see *Neutze* v. *Atlantic City Railroad Co.*, 42 *Id*. 407, 408; *United States Fidelity and Guaranty Co.* v. *Donnelly*, 39 *Id*. 654, 655; *Folsom* v. *Squire*, 43 *Id*. 430, 431. Plainly, if the defendant in error might have been nonsuited below, the direction of a verdict in his favor, upon the same evidence, is erroneous and cannot be upheld. The citation of cases to support this proposition is needless.

If, as his adversary suggests, we should look at the matter most favorably to the defendant in error, the result must be the same. The rule is that, when any material facts are in

dispute, even though the evidence be open to debate and leaves the mind in some doubt, a verdict should not be directed, but the question is for the jury. *Delaware, Lackawanna and Western Railroad Co.* v. *Shelton, 26 Vroom* 342, 345; *Baumann* v. *Hamburg-American Packet Co., 38 Id.* 250, 252, 253.

Let the judgment of the Supreme Court be reversed and a *venire de novo* awarded, to the end that there may be a new trial, if the defendant in error be so advised.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J.  1⁵.