## CONGRESS CIGAR CO. et al. v. CANISTER CO.

Circuit Court of Appeals, Third Circuit. July 16, 1929.

No. 3899.

William A. Carr, of Philadelphia, Pa., Starr, Summerill & Lloyd, of Camden, N. J., and Carr & Krauss, of Philadelphia, Pa., for appellants.

Harry Heher, of Trenton, N. J., and Smith & Smith, and Sylvester C. Smith, Jr., all of Phillipsburg, N. J., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The Canister Company (plaintiff below) is a relatively small manufacturer of containers, boxes, and the like. Congress Cigar Company and Congress Cigar Company, Inc. (defendants below, to which we shall refer as the defendant), are a large manufacturer of cigars and a user of cigar boxes in great numbers. After irregular and protracted negotiations, oral and by correspondence, the two parties entered into some kind of contract, the plaintiff to make and the defendant to take cigar boxes in some quantities at a figure much below what the defendant had been paying. There is no doubt about that, for boxes in many thousands were made and delivered by one party and accepted and paid for by the other. Nor is there any doubt that the plaintiff thought the large number of boxes which, according to its understanding, the defendant had contracted to take warranted its outlay in increasing its plant, purchasing material well in advance of manufacture, experimenting in types of boxes the defendant desired, and in organizing and training a working force to turn out the product in large volume, and also justified the low price it offered. Nor is there doubt that the defendant was induced by the low price to engage to take boxes in large numbers.

After work had started and deliveries begun trouble arose between the parties as to whether there was a contract for boxes beyond the number delivered and accepted, and, if so, the precise number; the plaintiff contending that the contract called for deliveries by it and acceptance by the defendant for a period of one year of "a minimum of 10,000 cigar boxes per week for the first two weeks, 20,000 cigar boxes per week for a period of two weeks, and then to increase within a reasonably prompt time until the requisition amounted to 60,000 per week as a minimum" at $104 per 1,000. The defendant contended that it made no contract with the plaintiff for these numbers or any other numbers of boxes, and that the boxes already delivered were not satisfactory. These contentions the parties later stated in their respective pleadings in this suit. From the judgment entered on a verdict in favor of the plaintiff for $50,000, the defendant took this appeal.

Although there was much confusion in the trial, which inevitably grew out of the confusion in the negotiations and the resultant contract, where the defendant did not know exactly what it wanted and the plaintiff did not know exactly how to make it, the learned trial judge, throughout the trial, constantly and clearly held before the jury the true issues and repeated them in various forms in his charge; namely, first, whether there was a contract; second, if there was one, what were its terms; and, third, had it been performed or breached by one party or the other? There was therefore no question as to what the jury was called upon to decide, and after its verdict there is no question as to what it did decide.

The contract as declared on, sought to be proved, and contested was not such as admitted of construction by the court, but was such that only a jury could find. It was therefore properly submitted, and the defendant's request for instructions binding the jury to a verdict in its favor was on the evidence properly denied.

While we have labored through the unconscionable number of 106 assignments of error, they raise, as we view them, either separately or en masse, only two questions or groups of questions that call for discussion. One arises out of the evidence, and the other out of the pleading.

The evidence was in sharp conflict both on the main issues and on the tangents which persistently ran off from those issues calling for repeated rulings by the court on the admission and rejection of testimony. Errors in such cases are likely to occur; but whether, when occurring, they are prejudicial and therefore reversible depends usually on the judge's grasp of the case. As the trial judge early acquired a full and, as it turned out, a correct understanding of the case, we find that in the few instances, where technically

he may have committed error, they were in no instance prejudicial.

The principal error assigned on the evidence is that of variance between the contract as alleged and as proved. The contract declared on called for (as we have previously quoted) box deliveries and acceptances of 10,000 and 20,000 per week in periods of two weeks and then an "increase within a reasonably prompt time until the requisition amounted to 60,000 per week." The plaintiff's evidence in support of this averment was to the effect that the defendant contracted to take 10,000 per week for the first two weeks; 20,000 per week for the succeeding two weeks; *30,000 for the following two weeks;* and *thereafter* 60,000 per week. Did this testimony constitute a variance within the rule that a recovery must be secundum allegata et probata? That depends upon whether the variance or discrepancy between the averment in the pleading and the evidence introduced to support it is matter of substance or mere matter of expression, material or immaterial, prejudicial or not prejudicial to the adverse party. Jordan v. Reed, 77 N. J. Law, 584, 590, 71 A. 280.

The supporting evidence is not, as we read it, inconsistent or at variance with the quoted averment in the pleading. The averment and the evidence correspond in terms as to deliveries to be made during the first two periods of two weeks each. After the second period, the averment states, that deliveries shall then be *increased* "within a reasonably prompt time until"* they shall be 60,000 per week. The evidence, differing from the averment, is to the effect that after the second two weeks' period deliveries shall be 30,000 a week for a third period of two weeks. This increase to 30,000, as testified, is not, we think, inconsistent with the general averment that after the second two weeks' period deliveries shall be increased. Manifestly, deliveries from 20,000 to 30,000 constitute an "increase" more definite than that of the averment, but an increase consistent with the averment, especially when viewed in the light of the remainder of the sentence —"increase within a reasonably prompt time until" 60,000 shall be requisitioned. But the defendant urges that the expression "within a reasonably prompt time" is too indefinite to constitute a contract, and that in any event the plaintiff introduced no proof as to what would have been a reasonably prompt time and, in consequence, the court allowed the jury to speculate on that important phase of the contract. Long observation of business transactions involving large matters inclines us not to hold against an otherwise valid contract entered into by business men in respect to a phase not presently susceptible of accurate definition and engagement. The words "reasonable time" appear in many contracts entered into by capable men of large affairs, conscious that ordinarily the expression has a meaning which, though elastic, may become definite in the circumstances. But in this case we think the plaintiff's evidence of a contract calling for delivery of boxes in quantities of 30,000 boxes in the third period, to be followed by weekly requisitions for 60,000 boxes, is in itself evidence of a reasonably prompt time, and, if believed by the jury, sustains their verdict in that regard. But the jury could, in addition, have been validly influenced on this matter by the general trend of the evidence in the case. Whether there was a variance between the evidence and the contract, if modified, is answered in the discussion of the next question.

The defendant's principal assignments of error are directed to a matter arising in the pleadings. The plaintiff in its complaint, particularly by paragraph 3, declared on a contract (with a date of July 15, 1925) in the terms respecting deliveries which we have repeatedly quoted. By paragraph 7, however, it averred that both parties had approved and accepted a modification of the original contract in respect to the quantity of boxes to be supplied and agreed to reduce deliveries to a minimum of 10,000 per week and to increase that to 20,000 per week. The defendant by its answer expressly denied having entered into such a modification and, indeed, having entered into any contract at all.

At the opening of the case the plaintiff stated in plain terms that the contract of July 15, 1925, as declared on by paragraph 3, was the contract on which it stood and sought recovery. The defendant in its opening made no allusion to the alleged modification, but squarely joined issue with the plaintiff on the making of the original contract. And so the case opened; and so it proceeded for quite a while until the defendant made objections, seasonably interposed, and later made requests to charge on the theory that, if there was a contract, it had been modified, and recovery could be had only on the terms agreed upon in the modification, ignoring, on the predicate of a contract found as of July 15 and modified on November 5, its liability for breach even between those dates. The court allowed the case to be tried on the averment of the original contract and sustained the verdict evidently rendered on that

theory. But it charged the jury strictly according to the plaintiff's pleading as to the contract averred in paragraph 3 and modified in paragraph 7, and instructed them clearly and very positively that they should first determine whether there was a contract entered into on July 15, and, if they found one, then whether it was later modified or changed, and, if so, that would defeat the plaintiff because the contract, as modified, would supplant the first contract declared on. The court then instructed the jury in line with the law that, in order to establish a new contract by modifying an old one, the new contract, to be valid and binding, must have the elements of a contract, namely, mutuality of undertaking and obligation and, particularly, a new and sufficient consideration, not the old consideration borrowed from the first contract. Thus it is evident the court fairly and adequately submitted to the jury the question of a modified contract calling for smaller weekly deliveries, and the jury found against the defendant for two good reasons: First, because the defendant had said all along by its pleading and its testimony that it had never entered into a modification of the contract because it had not entered into a contract at all; and, second, the plaintiff, having taken its stand at the beginning on the original contract, introduced no evidence of its modification. We have not overlooked the testimony of Garfein on page 102 of the record reciting Staub's mere statement or promise to make requisition in smaller numbers. That was not an agreement nor, if a promise, was it based on any consideration, nor does it appear to have been accepted. Hence there was before the jury no affirmative evidence of modification. The only controlling evidence on the subject was that of the defendant by which it denied having modified the contract. Therefore the jury found a contract as originally declared on, and, taking the defendant at its word, found that it had not been modified.

This was the theory of the trial, long and vigorously fought. Can the defendant now be heard to say that, as the plaintiff's pleading avers a modification of the original contract (which at the trial both parties repudiated, yet which the court adequately submitted), the plaintiff should be allowed to recover not on the proofs but only on the pleading? If this case had been tried in a strict common-law jurisdiction, there would (if the question had ever gotten past the trial court) be substance in the contention, but in a jurisdiction which has, under the conformity act, adopted and pursues a system of simplified pleading, the question is less serious, especially as no element of surprise was involved and no opportunity to defend by evidence was denied.

We are constrained to hold that the learned trial court committed no error in conducting the trial according to the theory of the case as primarily declared in the pleadings, announced by the litigants at the opening and developed during the trial. On the question of damages, complicated by costs and changes incident to uncertainties in the adventure, we have not found error in the court's instructions to the jury; nor have we found the evidence of lost profits speculative or too indefinite and uncertain to justify an award in favor of the plaintiff.

The judgment below is affirmed.