The sole issue here, and on which plaintiff submitted his case to the First Judicial District Court of the County of Middlesex, sitting without a jury, is "Does the `Railroad Fence Act', R.S.
48:12-46, impose an absolute liability upon the defendant company, under the circumstances here, for the damages suffered by plaintiff in the loss of his cow?" An adverse judgment was rendered against the plaintiff, from which this appeal stems. We concur in the judgment below.
The undisputed facts are: Plaintiff's cow was one of a herd of twenty-two cows "which had broken out of plaintiff's pasture", and then left plaintiff's farm "situate south of defendant's right of way, crossed the Middlesex and Essex Turnpike, proceeded 400' to 500' northerly along Currier Road, went underneath defendant's right of way through an underpass to the northerly side of defendant's right of way, where the cow turned east and went up the northerly embankment of defendant's right of way to the track where it was struck". Railroad employees drove the other cows from the tracks. Plaintiff's farm did not adjoin defendant's right-of-way at any point. There was a fence on the southerly side of defendant's right-of-way, but there was no fence on the northerly side where the cow was struck, although there was a hedge, broken through in several places, and a path that all the workmen used which ran from the underpass to the right-of-way by a gradual slope. Plaintiff's cows used this path to reach the railroad tracks. *Page 256 
Plaintiff relies entirely on the statute, R.S. 48:12-46, contending that notwithstanding his farm premises do not adjoin the defendant's right-of-way and that his cow broke out of its close and wandered for some distance along a public highway before entering upon defendant's railroad tracks, and without asserting or proving any negligence on the part of the defendant in the operation of its train, the railroad company's failure to erect and maintain a fence at the place where the cows entered upon the defendant's right-of-way, made it liable for the damages suffered by plaintiff. Defendant contends that R.S. 48:12-46 imposes no such absolute liability upon it, under the circumstances here; that the Railroad Fence Act is solely for the benefit of adjoining property owners; that the law of this State imposes a duty upon the plaintiff to keep his cattle within his own close; that the proximate cause of the injury and death of the cow in question was not caused by the railroad company's failure to erect such a fence, but was the plaintiff's failure to keep his cattle within the bounds of his own premises, as required by law.
Such a right of recovery as is sought here by the plaintiff did not exist at common law. There was a duty cast upon the owner of cattle or other animals to keep them on his own premises and, if he failed to do so, he could not recover if they were accidentally injured or killed while straying. Vandegrift v.Rediker, 22 N.J.L. 185 (Sup.Ct. 1849); Price v. New JerseyRailroad Co., 31 N.J.L. 229 (Sup.Ct. 1865); Case v.Central Railroad Co., 59 N.J.L. 471 (E. A. 1896); VanNest v. Dealaman, 85 N.J.L. 650 (E. A. 1913), 90 A. 308. However, in 1873 (P.L. 1873, p. 104, G.S.P. 2638) the Legislature adopted "An Act to authorize the formation of railroad corporations and regulate the same" and by Section 32 thereof, for the first time, required a company organized under the Act to erect and maintain fences on the sides of its road, and provided that "until such fences or cattle guards shall be duly made, the corporation and its agents shall be liable for all damages which shall be done * * * to cattle, horses or other animals thereon". The Railroad Act was revised in 1903, and was incorporated in the revision of 1937 *Page 257 
without any substantial change. Plaintiff relies on the case ofHendrickson v. Philadelphia Reading Railway Company,68 N.J.L. 612, 54 A. 831 (E. A. 1903); to support his position. This case was decided on March 3, 1903, and dealt only with the statute of 1873. The language of the 1873 Act indicates that it was the legislative intendment to protect and benefit owners of lands adjoining such railroads. The 1903 revision was not approved until April 14, 1903, and it necessarily follows that the Hendrickson case only construed the 1873 statute. The Hendrickson case dealt with damages for the loss of a mare, alleged to have been caused by the failure of the railroad company to maintain in good repair a fence erected along the plaintiff's adjoining field. Defendant, as stated, contends that the Hendrickson case and the statute applicable here merely imply that the Railroad Fence Act, at best, is for the sole benefit of the adjoining landowner and "The failure of the defendant to maintain or erect a fence in the instant case was not the proximate cause of plaintiff's damage", but the plaintiff's failure to keep his cattle in his close. Under R.S. 4:20-1 etseq., landowners are required to erect and maintain fences of the type and construction therein specified for the purpose of keeping their horses and cattle within the confines of their own premises, fixing the liability of the owner who fails to keep and maintain such fences, or such part thereof for which he may be liable, and the resulting damages caused by his straying cattle which he may be called upon to pay in the event of his failure to comply with the provisions of that Act. In the case at bar the plaintiff concedes that his cattle broke away from his premises and wandered for a considerable distance over public highways before it eventually came upon the tracks of the defendant company. Under these circumstances, it appears to us that, plaintiff's cattle having for some unknown reason broken away from the plaintiff's close through no intervening act of the defendant, it should not be held liable for its destruction. A case somewhat analogous is that of Case v. Central R.R. Co.,59 N.J.L. 471, 37 A. 65 (E. A. 1896); from the facts of which it is gleaned that plaintiff's horses had broken through the fence between his pasture lot and the highway, *Page 258 
had strayed along the highway to defendant's railroad and there, while wandering upon the track several hundred feet from the highway crossing, had been killed. Mr. Justice Dixon, speaking for the Court of Errors and Appeals in Case v. Central R.R. Co.,supra, stated:
"The horses were trespassing upon the defendant's track without any shadow of right, and the plaintiff did not attempt to prove that, for this trespass, the defendant was in fault under either the common law or any statute. The authorities are not entirely agreed whether in such circumstances the defendant owed to the plaintiff the duty of exercising ordinary care with respect to the horses, or only the duty of abstaining from willful injury. But if it be conceded that, prima facie, the defendant owed the larger duty of ordinary care, yet, as it appears that the animals came upon the track through the fault of the plaintiff, his claim against the defendant was legally defeated by his own contributory negligence, for, `according to the principles of the common law, * * * every man at his peril is bound to keep his cattle on his own close, and prevent them from going on to that of his neighbor.' Coxe v. Robbins, 4 Halst. 384; Chambers v.Matthews, 3 Harr. 368. It was a natural and proximate consequence of the plaintiff's failure to discharge this duty that the horses should have strayed into the highway and thence upon the track, and there meet with injury from passing trains. Such a fault precluded recovery, even though the negligence of the defendant's servants helped to cause the accident.Vandegrift v. Rediker, 2 Zab. 185; Price v. New JerseyRailroad and Transportation Co., 2 Vroom. 229."
Plaintiff, in effect, says that all railroad tracks should be fenced. To carry this argument to its logical conclusion, would require railroad companies to erect fences at passenger stations, freight stations and sidings to protect against straying animals entering upon its tracks and imposing liability for damages as a consequence of its failure to erect such fences. We are of the opinion that the Railroad Fence Act does not justify the strained construction contended for by plaintiff. Under the factual issue here, we are satisfied that the causation of plaintiff's damages had its origin in the plaintiff's failure to keep his cattle within the confines of his close and not by the defendant's failure to erect a fence at the place where the cows came upon defendant's railroad tracks. It is immaterial, for a determination of this issue, as to how the cattle broke out of plaintiff's pasture or who may have loosed them. *Page 259 
A supplemental brief filed by the defendant subsequent to the oral argument, raises the issue that R.S. 48:12-46 does not apply to the defendant as it is a foreign corporation and not organized under the legislation applicable here. But this defense was not interposed at the trial before the District Court. It may be that there are special circumstances in this case which require the railroad, notwithstanding it is a foreign corporation, to fence that part of its railroad where plaintiff's cow was struck. As to this, however, the record is silent.
We concur in the judgment of the trial court and it is hereby affirmed, with costs.